UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL CRUZ, as Administrator of the Estate of LUISA CRUZ, Deceased,<br><br>Plaintiff,<br><br>-against-<br><br>THE UNITED STATES OF AMERICA, MOHAMMAD M. RAHMAN, M.D., and OZONE PARK MEDICAL CARE, P.L.L.C.,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** |

**DIEFENBACH PLLC**
888 Seventh Avenue, 6th Floor, New York, NY 10106
(212) 981-2233

Plaintiff, MICHAEL CRUZ, by his attorneys, DIEFENBACH PLLC, as and for his Complaint, respectfully alleges, upon information and belief, as follows:

**PARTIES**

1. At all times hereinafter mentioned, plaintiff-decedent LUISA CRUZ resided at 183 McKinley Avenue, #2, Brooklyn, NY 11208.

2. Upon information and belief, at all times hereinafter mentioned, defendant MOHAMMAD M. RAHMAN, M.D. was and still is a physician duly licensed to practice medicine in the State of New York.

3. Upon information and belief, at all times hereinafter mentioned, defendant MOHAMMAD M. RAHMAN, M.D. maintained offices for the practice of medicine at 1219 Liberty Avenue, Brooklyn, NY 11208.

4. Upon information and belief, at all times hereinafter mentioned, defendant

1

OZONE PARK MEDICAL CARE, PLLC was a domestic corporation duly organized and existing under, and by virtue of, the laws of the State of New York.

5. Upon information and belief, at all times hereinafter mentioned, defendant OZONE PARK MEDICAL CARE, PLLC maintained offices for the practice of medicine at 1219 Liberty Avenue, Brooklyn, NY 11208.

6. Upon information and belief, at all times hereinafter mentioned, defendant MOHAMMED M. RAHMAN, M.D. was and still is a duly licensed New York State physician who rendered medical services to plaintiff-decedent LUISA CRUZ.

7. At all times hereinafter mentioned, defendant MOHAMMED M. RAHMAN, M.D. was and is an owner and principal of Ozone Park Medical Care, PLLC at 1219 Liberty Avenue, Brooklyn NY 11208, and rendered medical services to plaintiff-decedent LUISA CRUZ within the scope of his employment thereto.

8. Upon information and belief, at all times hereinafter mentioned, defendant THE INSTITUTE FOR FAMILY HEALTH was a domestic corporation organized and existing under, and by virtue of, the laws of the State of New York.

9. THE INSTITUTE FOR FAMILY HEALTH is a designated Public Health Service Employee and thus deemed an employee of the United States of America for purposes of the Federal Tort Claims Act. Accordingly, the UNITED STATES OF AMERICA ("the United States") is the proper defendant.

10. Upon information and belief, at all times hereinafter mentioned, defendant SIDNEY HILLMAN/PHILLIPS FAMILY PRACTICE was a domestic corporation organized and existing under, and by virtue of, the laws of the State of New York.

11. SIDNEY HILLMAN/PHILLIPS FAMILY PRACTICE is a designated Public

**DIEFENBACH PLLC**
888 Seventh Avenue, 6th Floor, New York, NY 10106
(212) 981-2233

Health Service Employee and thus deemed an employee of the United States of America for purposes of the Federal Tort Claims Act. Accordingly, the defendant United States is the proper defendant.

12. Upon information and belief, at all times hereinafter mentioned, defendant THE INSTITUTE FOR FAMILY HEALTH maintained offices for the practice of medicine under the name of Sidney Hillman / Phillips Family Practice at 16 East 16th Street, New York, NY 10003.

13. Upon information and belief, at all times hereinafter mentioned, defendant THE INSTITUTE FOR FAMILY HEALTH maintained administrative offices at 2006 Madison Avenue, New York, NY 10035.

14. Upon information and belief, at all times hereinafter mentioned, defendant SIDNEY HILLMAN/PHILLIPS FAMILY PRACTICE maintained offices for the practice of medicine at 16 East 16th Street, New York, NY 10003.

15. THE UNITED STATES OF AMERICA is a sovereign nation responsible for the conduct of the designated Public Health Service Employees: THE INSTITUTE FOR FAMILY HEALTH and SIDNEY HILLMAN/PHILLIPS FAMILY PRACTICE.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1346(b) and 28 U.S.C. §1367.

17. Plaintiff-decedent LUISA CRUZ originally commenced an action for the same alleged medical malpractice on April 11, 2017 by filing a Verified Complaint in the Supreme Court of the State of New York, County of Kings, Index No. 506192/2017 (Exhibit 1), for the same acts of medical malpractice which constitute the alleged claims in this complaint.

18. Plaintiff-decedent's state complaint was then removed to the United States

DIEFENBACH PLLC
888 Seventh Avenue, 6th Floor, New York, NY 10106
(212) 981-2233

3

District Court, Eastern District of New York on July 2017, on the grounds that Sidney Hillman/Phillips Family Practice and The Institute for Family Health were acting within the course and scope of their employment as deemed federal employees at the time of the events alleged in the Complaint, and under the FTCA, a party suing for the alleged acts or omissions of a federally-deemed employee while acting in the course and scope of employment is required first to present his or her claim to the appropriate federal agency, and is precluded from bringing suit until his or her claim has been finally denied by the agency in writing or the agency has failed to adjudicate the claim within six months of filing.

19. On May 26, 2017, Plaintiff-decedent timely filed an administrative tort claim under the Federal Tort Claims Act ("FTCA), 28 U.S.C. §1346(b).

20. On September 29, 2017, the Department of Health and Human Services ("DHHS") issued a notice of final determination denying Ms. Cruz's administrative tort claim (Exhibit 2) Accordingly, Plaintiff-decedent exhausted her administrative remedies.

21. Parties stipulated to withdraw the Complaint from the United States District Court, Eastern District of New York (Exhibit 3) as the final determination by the DHHS was not issued at the time of filing.

22. Parties stipulated that such stipulation would be without prejudice to re-filing.

23. Plaintiff-decedent then re-filed a Complaint in the United States District Court, Southern District of New York on March 28, 2018 (Exhibit 4).

24. Unbeknownst to Plaintiff-decedent's counsel at the time of re-filing on March 28, 2018, Luisa Cruz had passed away on August 23, 2017.

25. A motion to dismiss was made by the United States to dismiss the March 28, 2018 Complaint as allegedly there was no proper plaintiff at the time of filing. Rather than engage in

DIEFENBACH PLLC
888 Seventh Avenue, 6th Floor, New York, NY 10106
(212) 981-2233

4

motion practice, the parties stipulated to withdraw the March 28, 2018 Southern District Complaint without prejudice to the filing of a new action by the Administrator of the Estate of Luisa Cruz ("Administrator") and without prejudice as to any claims that the Administrator may assert on behalf of the Estate of Luisa Cruz (Exhibit 5).

26. This Court has personal jurisdiction over Defendants and venue is appropriate in this Court under 28 U.S.C. §1391(e) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## AS FOR THE FIRST CAUSE OF ACTION FOR MEDICAL MALPRACTICE- CONSCIOUS PAIN AND SUFFERING

27. Defendant MOHAMMAD M. RAHMAN, M.D. held himself out to the general public and specifically to plaintiff-decedent as possessing and utilizing the proper degree of skill and learning necessary to render medical care and services in accordance with good and accepted medical practice and that he undertook to use reasonable care and diligence in the treatment of patients, and in particular plaintiff-decedent LUISA CRUZ.

28. From on or about February 7, 2011 continuously through December 30, 2016, plaintiff-decedent LUISA CRUZ sought the professional care of defendants MOHAMMAD M. RAHMAN and OZONE PARK MEDICAL CARE for certain medical complaints.

29. Defendants MOHAMMAD M. RAHMAN and OZONE PARK MEDICAL CARE rendered medical care, gave medical diagnosis, and provided medical treatment and services to her for said medical complaints.

30. From on or about July 13, 2006 continuously through January 20, 2017 plaintiff-decedent LUISA CRUZ sought the professional care of THE INSTITUTE FOR FAMILY HEALTH and SIDNEY HILLMAN/PHILLIPS FAMILY PRACTICE for certain medical

DIEFENBACH PLLC
888 Seventh Avenue, 6th Floor, New York, NY 10106
(212) 981-2233

complaints and these defendants rendered medical care, gave medical diagnosis, and provided medical treatment and services to her for said medical complaints.

31. During the aforesaid course of treatment, plaintiff-decedent LUISA CRUZ had certain signs, symptoms and complaints which were brought to the attention of the defendants MOHAMMAD M. RAHMAN, OZONE PARK MEDICAL CARE, and the United States and/or their agents, associates, servants, and/or employees.

32. The above medical care, diagnosis, treatment and services rendered to plaintiff-decedent LUISA CRUZ by MOHAMMAD M. RAHMAN, OZONE PARK MEDICAL CARE, and THE UNITED STATES OF AMERICA by and through its Public Health Service Employees, SIDNEY HILLMAN/PHILLIPS FAMILY PRACTICE and THE INSTITUTE FOR FAMILY HEALTH (hereinafter "the Defendants") were rendered carelessly, unskillfully, negligently, and not in accordance with accepted standards of medical care, diagnosis, treatment and services in the community, and caused severe pain, suffering and death. During the aforesaid course of treatment, plaintiff-decedent LUISA CRUZ had certain signs, symptoms and complaints which were brought to the attention of the defendants and/or his agents, associates, servants, and/or employees.

33. The above medical care, diagnosis, treatment and services rendered to plaintiff-decedent LUISA CRUZ by defendants were rendered carelessly, unskillfully, negligently, and not in accordance with accepted standards of medical care, diagnosis, treatment and services in the community, and caused severe pain and suffering by failing to treat plaintiff-decedent timely.

34. In particular, in 2011 and 2012 SIDNEY HILLMAN/PHILLIPS FAMILY PRACTICE and THE INSTITUTE FOR FAMILY HEALTH ordered microalbumin and creatinine tests which indicated that Ms. Cruz had chronic kidney disease.

DIEFENBACH PLLC
888 Seventh Avenue, 6th Floor, New York, NY 10106
(212) 981-2233

6

35. Upon information and belief, no one at SIDNEY HILLMAN/PHILLIPS FAMILY PRACTICE nor THE INSTITUTE FOR FAMILY HEALTH followed up with proper testing to monitor Ms. Cruz's kidney function nor did they take steps to prevent the further deterioration of her kidney function until February 8, 2016.

36. On February 8, 2016 she was diagnosed with Stage 5 kidney disease and was referred to a nephrologist who immediately recommended dialysis.

37. Upon information and belief, as early as April 2013, MOHAMMAD M. RAHMAN and OZONE PARK MEDICAL CARE were in possession of test results showing elevated creatinine levels that indicated Ms. Cruz had kidney disease.

38. However, MOHAMMAD M. RAHMAN and OZONE PARK MEDICAL CARE did not follow up with additional tests to confirm that Ms. Cruz had kidney disease, nor did they take any steps to treat her kidney disease.

39. As a result of the aforementioned negligence, carelessness, recklessness and medical malpractice of the defendants, the plaintiff-decedent LUISA CRUZ experienced conscious pain and suffering and was caused to sustain severe and permanent personal injury, and ultimately, death.

40. Said negligence, carelessness and recklessness, medical and nursing malpractice, medical malfeasance and medical misfeasance of the defendants, their agents, associates, servants and/or employees constituted in failing to treat the plaintiff-decedent LUISA CRUZ in accordance with accepted medical standards in the community; failing to take proper care and precaution in the conduct of care rendered so that the plaintiff-decedent's medical condition would not be aggravated or worsened; in carelessly, negligently and recklessly failing to diagnose and/or timely diagnose renal function failure, failure to properly manage hypertension;

DIEFENBACH PLLC
888 Seventh Avenue, 6th Floor, New York, NY 10106
(212) 981-2233

failure to properly manage diabetes; in failing to refer plaintiff-decedent to other physicians to evaluate plaintiff-decedent's true condition; omitting to perform and/or timely perform appropriate diagnostic studies; in allowing, suffering and permitting plaintiff-decedent to languish with decreased kidney function all without proper medical care and attention; in failing to timely and properly treat the plaintiff-decedent; in failing to take and/or obtain a true and complete medical history; in failing to heed the complaints, signs and symptoms of the plaintiff-decedent; in failing to appropriately review standards of care; in improperly advising and prescribing for the plaintiff-decedent; in failing to render a timely, appropriate diagnosis and treatment of the plaintiff-decedent's true condition; in allowing plaintiff-decedent's true condition to continue untreated causing loss of chance of cure and diminution of life expectancy; in failing and omitting to exercise and take proper care, precaution and caution in the conduct of the care and treatment rendered to the plaintiff-decedent so as to prevent unfavorable results; in failing to perform and/or timely perform appropriate diagnostic studies; in lulling the plaintiff-decedent into a false sense of security; in failing to timely diagnose and treat the plaintiff-decedent; in allowing, suffering and permitting the physical condition of the plaintiff-decedent to be and to remain in a deteriorated condition; in permitting inexact medical techniques to be used upon the plaintiff-decedent; in failing to conduct various diagnostic tests upon the plaintiff-decedent; in failing to conduct various diagnostic tests upon the plaintiff-decedent with the requisite skill; in failing to use the minimum equipment possible in order to timely diagnose plaintiff-decedent's progressive renal failure; failed and omitted to attach significance to the symptomatology of the plaintiff-decedent, and to treat the same accordingly; failed to refer plaintiff-decedent to specialists; failed to communicate with specialists; failed to follow up with specialists; failed and omitted to timely transfer this patient to a hospital or referral to another physician or medical facility equipped to

DIEFENBACH PLLC
888 Seventh Avenue, 6th Floor, New York, NY 10106
(212) 981-2233

render competent medical care to the plaintiff-decedent; failed and omitted to understand the nature of the underlying pathology of the plaintiff-decedent; failed and omitted to timely perform diagnostic studies; failed and omitted to properly interpret diagnostic studies; failed and omitted to perform appropriate diagnostic and/or radiological studies; failed to perform appropriate blood tests relating to kidney function; failed to have appropriate evaluation; failed to enter into the process of differential diagnosis; failed to perform adequate diagnostic and/or radiological studies; failed to appropriately evaluate those diagnostic and/or radiologic studies performed; failed and omitted to correlate clinical findings with diagnostic studies.

41. As a result of the negligence and/or medical malpractice of the defendants and without any negligence on the part of the plaintiff-decedent LUISA CRUZ contributing thereto, the plaintiff-decedent suffered great pain, agony, injury, as well as mental anguish and emotional distress. That by reason of the foregoing, the plaintiff-decedent LUISA CRUZ became sick, sore, lame, and disabled, and suffered a decrease in life expectancy. She suffered pain and anguish of body and mind and was confined to bed. She was rendered incapacitated, expended diverse sums of money, and suffered end-stage renal failure and death.

42. By reason of the foregoing, the plaintiff-decedent LUISA CRUZ was rendered sick, sore, lame, disabled, and permanently afflicted with irreversible serious complications and injuries and as a result of this negligence suffered pain and anguish of the body and mind, was confined to bed, rendered incapacitated, expended diverse sums of money, suffered severe and excruciating pain and permanent and severe injury to her body, and death.

**DIEFENBACH PLLC**
888 Seventh Avenue, 6th Floor, New York, NY 10106
(212) 981-2233

## AS FOR THE SECOND CAUSE OF ACTION FOR LACK OF INFORMED CONSENT

43. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

44. Defendants, their agents, servants and employees, failed to inform plaintiff-decedent LUISA CRUZ of the reasonably foreseeable risks and benefits of, and alternatives to, the treatment proposed and rendered, which would have been disclosed by a reasonable medical practitioner in similar circumstances. As a result in the defendants failed to obtain an informed consent thereto.

45. A reasonably prudent person in plaintiff-decedent's position would not have undergone the treatment and diagnosis rendered herein if he had been fully informed.

46. The lack of informed consent alleged herein is a proximate cause of the injuries, conditions and disabilities for which recovery is sought.

47. By reason of the above plaintiff-decedent LUISA CRUZ has sustained great pain, agony, injury, suffering, disability, and hospitalization, as well as mental anguish and emotional distress.

48. By reason of the above plaintiff-decedent LUISA CRUZ has sustained damages, both general and special.

## AS FOR THE THIRD CAUSE OF ACTION FOR WRONGFUL DEATH

49. Plaintiff repeats, reiterates, and realleges each and every allegation set forth in the first and second cause of action as if set forth in full herein.

50. That as a result of the aforesaid medical malpractice, medical malfeasance, and medical misfeasance by defendants MOHAMMAD M. RAHMAN, OZONE PARK MEDICAL

DIEFENBACH PLLC
888 Seventh Avenue, 6th Floor, New York, NY 10106
(212) 981-2233

CARE, and THE UNITED STATES OF AMERICA, plaintiff-decedent LUISA CRUZ suffered wrongful death.

51. Plaintiff-decedent LUISA CRUZ also suffered extreme conscious pain and suffering and mental anguish through the time of her wrongful death.

52. As a direct and proximate result of the foregoing, plaintiff-decedent LUISA CRUZ suffered loss of income and decedent's children were deprived of financial support, care, support, love and affection of decedent.

53. In connection with the injuries sustained by plaintiff-decedent LUISA CRUZ and her resulting death, all occasioned by the negligence and carelessness of the defendants MOHAMMAD M. RAHMAN, OZONE PARK MEDICAL CARE, and THE UNITED STATES OF AMERICA, plaintiff necessarily incurred expenses in various and diverse amounts, and funeral and other expenses in connection with the burial of the decedent, and will necessarily incur expenses in the settlement of the estate of the decedent in various and diverse amounts.

54. That as a result of the above-mentioned occurrence, plaintiff was damaged in an amount in excess of all jurisdictional limits of lower courts which may have otherwise had jurisdiction.

55. That the amount of said damages sustained by the plaintiff as a result of the aforesaid negligence and culpable conduct exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this action.

### AS FOR THE FOURTH CAUSE OF ACTION FOR INCOMPETENT AND INADEQUATE STAFFING

56. Plaintiff repeats, reiterates, and realleges each and every allegation set forth in the

first, second and third cause of action as if set forth in full herein.

57. That at all times herein mentioned, the examining rooms, patient rooms, and treatment rooms of defendants OZONE PARK MEDICAL CARE, THE INSTITUTE FOR FAMILY HEALTH, and SIDNEY HILLMAN/PHILLIPS FAMILY PRACTICE were inadequately staffed by their personnel and were staffed by incompetent individuals who rendered care to plaintiff-decedent.

58. That as a result of the foregoing, plaintiff-decedent LUISA CRUZ sustained serious and severe personal injuries, all without any fault or lack of care on the part of the decedent herein.

## AS FOR THE FIFTH CAUSE OF ACTION FOR NEGLIGENT HIRING AND RETENTION

59. Plaintiff repeats, reiterates, and realleges each and every allegation set forth in the first, second, third and fourth cause of action as if set forth in full herein.

60. Defendants OZONE PARK MEDICAL CARE, THE INSTITUTE FOR FAMILY HEALTH, and THE UNITED STATES OF AMERICA failed to assemble proper, experienced, and trained personnel to care for and render treatment to the plaintiff-decedent LUISA CRUZ.

61. Defendants OZONE PARK MEDICAL CARE and THE UNITED STATES OF AMERICA negligently hired and retained medical and other personnel who rendered care and treatment to the plaintiff-decedent LUISA CRUZ.

62. Defendants OZONE PARK MEDICAL CARE and THE UNITED STATES OF AMERICA negligently entrusted the medical care and treatment of the plaintiff-decedent to the medical and other personnel who rendered medical care and treatment to the plaintiff-decedent LUISA CRUZ.

DIEFENBACH PLLC
888 Seventh Avenue, 6th Floor, New York, NY 10106
(212) 981-2233

63. Defendants OZONE PARK MEDICAL CARE and THE UNITED STATES OF AMERICA failed to properly investigate and ascertain the qualifications, credentials, background and skills of the medical and other personnel who rendered care and treatment to the plaintiff-decedent LUISA CRUZ before granting privileges to them and/or employing them.

64. Defendants OZONE PARK MEDICAL CARE and THE UNITED STATES OF AMERICA failed to keep, monitor, review, investigate and consult logs of the medical and other personnel who rendered care and treatment to the plaintiff-decedent LUISA CRUZ to determine the fitness and level of skill and experience of such personnel in electing the care and treatment rendered to the plaintiff-decedent.

65. Defendants OZONE PARK MEDICAL CARE and THE UNITED STATES OF AMERICA failed to properly and adequately supervise the medical and other personnel who rendered care and treatment to the plaintiff-decedent LUISA CRUZ.

66. Defendants OZONE PARK MEDICAL CARE and THE UNITED STATES OF AMERICA failed to monitor the medical and other personnel who rendered care and treatment to the plaintiff-decedent LUISA CRUZ for the purposes of evaluating the performance of said personnel, prior to granting them privileges and/or employing them.

67. That as a result of the foregoing, plaintiff-decedent LUISA CRUZ sustained serious and severe personal injuries, and all without any fault or lack of care on the part of the decedent herein.

**WHEREFORE**, for the reasons set forth above, plaintiff prays this Court to award judgment against THE UNITED STATES OF AMERICA, MOHAMMAD M. RAHMAN M.D., and OZONE PARK MEDICAL CARE, P.L.L.C and award actual and compensatory damages in an amount to be determined at trial with the costs and disbursements of this action, and such

DIEFENBACH PLLC
888 Seventh Avenue, 6th Floor, New York, NY 10106
(212) 981-2233

other relief as the Court deems just and proper.

Dated: New York, New York
       March 6, 2019

                Yours, etc.,

                **DIEFENBACH PLLC**

                By:   /s/ Gordon Price Diefenbach
                                  _____
                      Gordon Price Diefenbach
                Attorneys for MICHAEL CRUZ
                Office & P.O. Address
                888 Seventh Avenue, 6th Floor
                New York, NY 10106
                T (212) 981-2233
                Email: gordon@diefenbachlaw.com

**DIEFENBACH PLLC**
888 Seventh Avenue, 6th Floor, New York, NY 10106
(212) 981-2233

15